IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:07cr125-001 |
| | ) | |
| ROBERT CARLOS MORALES | ) | |

**POSITION WITH RESPECT TO SENTENCING FACTORS**

The United States of America, by counsel, Chuck Rosenberg, United States Attorney for the Eastern District of Virginia, and Laura P. Tayman, Assistant United States Attorney files this position with respect to sentencing factors indicating that we have no objections to the Presentence Report as modified by the Addendum filed February 15, 2008, and concur with the calculation of the advisory sentencing guidelines range prepared by the United States Probation Office.

The United States agrees, after consultation with defense counsel and the probation officer, that the Presentence Report should be modified to reflect the overall leadership role of Miguel Lerma. These agreed changes were made in the Addendum filed Feburary 15, 2008.

The remaining two issues which the Court will have to resolve at sentencing are: (1) whether the defendant should be assessed a two-level increase for possession of a weapon pursuant to U.S.S.G. § 2D1.1(b)(1); and (2) whether the defendant is entitled to a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E.1. The defendant has been fully cooperative and truthful, apart from denying involvement with firearms, he would otherwise be entitled to the full three-level reduction for acceptance of responsibility because he did timely notify authorities of his intention to enter a guilty plea. Resolution of the question regarding acceptance of responsibility will turn on the Court's decision regarding the two-level firearm enhancement.

The sole basis for the two-level gun enhancement is contained in paragraph 30 of the Presentence Report. On September 13, 2005, a Winchester 12 gauge shotgun was recovered from a residence on Cuba Street, Brownsville, Texas. The residence was leased by the wife of ROBERT

MORALES and was used as the primary location for storage, packaging and distribution of marijuana by the members of this conspiracy. DEA Special Agent Orgon has spoken to the Cameron County Sheriff's Deputy Silva who recovered the shotgun. Deputy Silva indicates that the shotgun was recovered between the mattress and box spring of the bed in the master bedroom of the residence. Delivery boxes and packaging materials were found in another bedroom of the residence. Deputy Silva advised that the shotgun was recovered from the bedroom belonging to co-defendant Francisco Martinez. However, on February 6, 2008, Agent Orgon interviewed Mr. Martinez regarding the shotgun. Mr. Martinez indicated that he was present in the master bedroom when the firearm was recovered, but the master bedroom was occupied by ROBERT MORALES and his wife. Mr. Martinez advised Agent Orgon that he believed ROBERT MORALES knew about the shotgun as it was MORALES' bedroom. This issue remains a factual issue which the Court will have to resolve at the time of sentencing.

Generally the enhancement should be applied if a firearm was possessed during commission of the offense unless "it is clearly improbable that the weapon was connected with the offense." *See,* U.S.S.G. § 2D1.1, application note 3. Whether this enhancement applies should be decided based on a preponderance of the evidence standard. In addition, possession of a firearm by a co-defendant is sufficient for the enhancement to apply where the co-defendant's conduct is in furtherance of jointly-undertaken criminal activity. *United States v. Nelson,* 6 F.3d 1049, 1054-57 (4th Cir. 1993); *United States v. Kimberlin,* 18 F.3d 1156, 1159-60 (4th Cir. 1994); and *United States v. Brooks,* 957 F.2d 1138, 1148-49 (4th Cir. 1992). In the instant case, possession of a shotgun, whether jointly or individually, in a residence leased by the defendant's wife, which was the primary location used by members of this conspiracy to store, package and distribute controlled substances is sufficient to warrant the enhancement.

Should the Court determine that the defendant is entitled to a two-level reduction for acceptance of responsibility, the United States will move pursuant to U.S.S.G. § 3E1.1(b) to grant

2

an additional one-level reduction in the offense level for acceptance of responsibility. The defendant has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying the United States of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the court to allocate their resources efficiently.

When sentencing a defendant a district court must consider the advisory guideline range and other relevant sentencing factors as outlined in 18 U.S.C. §3553(a). *United States v. Hughes,* 401 F.3d 540, 546 (4th Cir. 2005)(citing *United States v. Booker,* 125 S.Ct. 738, 764-67 (2005). These factors include the need for the sentence imposed:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes for the defendant; and

(D) to provide the defendant with needed educational or vocational training; medical care, or other correctional treatment in the most effective manner.

18 U.S.C. §3553(a). The factors also include "the need to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct" §3553(a)(6).

Although the Supreme Court rendered the federal Sentencing Guidelines advisory in *United States v. Booker*, 125 S. Ct. 738 (2005), the advisory guidelines range remains an important factor for the Court to consider in sentencing a defendant. *United States v. Clark*, 434 F.3d 684, 685 (4th Cir. 2006) (quoting *Booker*, 125 S. Ct. at 766). The Fourth Circuit has held that, "[c]onsistent with . . . *Booker*, a district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the Sentencing Guidelines. Then the court shall consider that range as well as relevant factors set forth in the guidelines and those factors set forth in § 3553(a) before imposing sentence." *Clark*, 434 F.3d at 685 (quoting *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005)); *accord United States v. Green*, 436 F.3d 449 (4th Cir. 2006).

Ultimately, the sentence imposed must meet a standard of reasonableness, *see Booker*, 125 S. Ct. at 765. , and as the Fourth Circuit has recently stated, "reasonableness is not measured simply by whether the sentence falls within the statutory range, but by whether the sentence was guided by the Sentencing Guidelines and by the provisions of § 3553(a)." *Green*, 436 F.3d at 456. In the instant case, a sentence within the Sentencing Guidelines range is reasonable and appropriate, in that a guidelines sentence will reflect the seriousness of this offense, promote respect for the law, protect the community from further criminal activity by this defendant, and deter others from similar criminal activity.

Respectfully submitted,

Chuck Rosenberg
UNITED STATES ATTORNEY


By: /S/
Laura P. Tayman
Assistant United States Attorney
Virginia State Bar No. 39268
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - laura.tayman@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of February, 2008, I electronically filed the foregoing Position With Respect to Sentencing Factors with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Trey R. Kelleter, Esq.
Counsel for Robert Carlos Morales
Vandeventer Black LLP
101 West Main Street, Suite 500
Norfolk, Virginia 23510
Phone No. (757) 446-8697
Fax No. (757) 446-8670
E-Mail: tkelleter@vanblk.com

I further certify that on this 21st day of February, 2008, I caused a true and correct copy of the foregoing Position With Respect to Sentencing Factors to be hand-delivered to the following non-filing user:

Jason D. Cole
U.S. Probation Officer
U.S. Probation Office
600 Granby Street, Suite 200
Norfolk, VA 23510

    /s/
Laura P. Tayman
Assistant United States Attorney
Virginia Bar No. 39268
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - laura.tayman@usdoj.gov