IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:07cr125 |
| | ) | |
| ROBERT CARLOS MORALES | ) | |
| Defendant. | ) | |

## **DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS**

Defendant and counsel, in accordance with §6A1.2 of the advisory *Sentencing Guidelines and Policy Statements*, have reviewed the Presentence Report as modified by the Addendum filed February 15, 2008. Defendant agrees in part and objects in part to the Report and its calculation of the advisory sentencing guidelines, as set forth below.

The Government's *Position with Respect to Sentencing Factors*, filed February 20, 2008, notes that two issues remained outstanding: (1) whether Defendant should be assessed a two-level increase for possession of a weapon pursuant to U.S.S.G. § 2D1.1(b)(1), and (2) whether Defendant is entitled to a reduction for acceptance of responsibility. Defendant raises a third issue that arises for the first time in the Addendum, namely the treatment of the Defendant's conviction in the U.S. District Court for the Western District of Texas on August 9, 2007 that involves underlying activity that is relevant conduct for the charge at sentencing before this Court.

1

On the first issue, Defendant accepts responsibility for the two-level gun enhancement. Co-Defendant Francisco Javier Martinez and Defendant jointly purchased a firearm (a shotgun), after which Martinez took possession of the gun. However, Defendant was aware of the gun's presence in the dwelling. Defendant understands the policy statements and cases cited by the Government establishing a "clearly improbable" standard for not applying the enhancement (U.S.S.G. § 2D1.1, Application Note 3) and co-defendant liability within a conspiracy.

On the second issue, Defendant submits that he merits a reduction for acceptance of responsibility. Absent the gun issue, the Government agreed that Defendant "has been fully cooperative and truthful . . . [and] would otherwise be entitled to the full three-level reduction for acceptance of responsibility because he did timely notify authorities of his intention to enter a guilty plea." *Position with Respect to Sentencing*, Page 1. Defendant has cooperated extensively by providing hours of truthful inculpatory statements about his role in the offense through numerous debriefs, both with agents stationed locally and agents from other states. He continues to provide truthful information and accepts responsibility for his role in the offense. After discussions with the Assistant U.S. Attorney handling the matter for the Government, counsel for Defendant proffers that the Government agrees that Defendant should receive a three-level reduction for acceptance of responsibility at this point.

On the third issue, Defendant and the Government also agree after discussion that the original Presentence Report accurately listed the events underlying Defendant's conviction in Federal Court in Texas as relevant conduct (old Paragraph 31). As a result, Defendant asks that his Criminal History Category remain III (as in the original Presentence Report) rather than IV (in the Addendum).

Defendant submits that under a proper calculation of the advisory guidelines, reflecting his acceptance of responsibility, his Adjusted Offense Level should be 34 and his Criminal History Category III, yielding a recommended advisory range of 188-235 months.

Defendant asks that he be sentenced to the low end of the advisory range, or lower. Miguel Lerma, the acknowledged leader of the conspiracy received 210 months. Francisco Javier Martinez, whose culpability is similar to, but most likely slightly less than, Defendant's received 135 months. Defendant submits that a sentence between these points is appropriate. Given his extensive, and continuing, cooperation in this matter (and others) and his relative culpability in the conspiracy, Defendant asks for a sentence closer to that of Mr. Martinez.

        Respectfully submitted,

        ROBERT CARLOS MORALES

        By   /s/ Trey R. Kelleter
            Of Counsel

Counsel for Robert Carlos Morales
VSB No. 41606
VANDEVENTER BLACK LLP
101 W. Main Street, Suite 500
Norfolk, Virginia 23510
Telephone: (757) 446-8697
Facsimile: (757) 446-8670
E-Mail: tkelleter@vanblk.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing pleading was served via electronic delivery to Laura Tayman, Assistant United States Attorney, this 5th day of March 2008.

        /s/ Trey R. Kelleter

        Counsel for Robert Carlos Morales
        VSB No. 41606
        VANDEVENTER BLACK LLP
        101 W. Main Street, Suite 500
        Norfolk, Virginia 23510
        Telephone: (757) 446-8697
        Facsimile: (757) 446-8670
        E-Mail: tkelleter@vanblk.com